UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


Eric James Latoski,

      Plaintiff,                              Case No. 2:26-cv-10722
                                             District Judge Linda V. Parker

v.

Michigan State Police, et al.,

      Defendants.
_____/

## OPINION AND ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

Plaintiff Eric James Latoski has filed a civil rights complaint in this Court pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  When he filed the complaint, Latoski was incarcerated at the Midland County Jail in Midland, Michigan.  Latoski also filed an application to proceed without prepayment of the filing fee.  (ECF No. 2.)  Under 28 U.S.C. § 1915(a)(2), a prisoner seeking leave to proceed *in forma pauperis* must submit a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint.  Because Latoski did not submit a certified trust fund account statement, the Court ordered him to do so within thirty days and cautioned that failure to comply would result in dismissal of the case without prejudice.  (ECF No. 4.)  For the reasons set forth below, the case will be dismissed without prejudice for want of prosecution.

Latoski has not responded to the Court's April 7th order. Nor has he paid the filing fee, submitted the missing *in forma pauperis* documentation, or contacted the Court to request additional time to comply with the Court's order.  In addition, the April 7th order, which was mailed to the address Latoski provided for the Midland County Jail in Midland, Michigan, was returned to the Court as undeliverable. (See ECF No. 5.)  This suggests that Latoski has failed to update his current address with the Court as Local Rule 11.2 requires. (*See* ECF No. 3.)

Local Rule 11.2 authorizes the Court to dismiss a case upon a *pro se* plaintiff's failure to update their contact information:

> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

E.D. Mich. L.R. 11.2.

Federal Rule of Civil Procedure 41(b) also gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court ..."  Fed. R. Civ. P. 41(b).  *Pro se* litigants have the same obligation as an attorney to notify the court of a change of address.  *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (holding that a *pro se* litigant has a duty to supply the court with notice of any changes in his

2

address).

In appropriate circumstances, "a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962). Here, those circumstances are present. Because Latoski has failed to provide his current address, the Court has no reliable means to provide him notice of its intent to dismiss or to afford him an opportunity to respond. Under these conditions, dismissal without prior notice is warranted.

Accordingly, the Complaint is DISMISSED WITHOUT PREJUDICE. Latoski's application for leave to proceed without prepaying fees or costs (ECF No. 2) is DENIED as moot.

The Court concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Therefore, leave to proceed *in forma pauperis* on appeal is DENIED.

**SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 21, 2026

3

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 21, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager